**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MANNY G. MOTORS, LLC,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | |
| | § | **Case no. 5:17-cv-00565** |
| **UNIVERSAL UNDERWRITERS** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **DEFENDANT.** | § | |

**DEFENDANT UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant Universal Underwriters Insurance Company ("UUIC") hereby files this Notice of Removal under 28 U.S.C. §§1332, 1441 and 1446.

## <u>BACKGROUND</u>

1.     On March 1, 2017, Plaintiff Manny G. Motors, LLC ("Plaintiff") filed Plaintiff's Original Petition in the 73rd Judicial District Court, Bexar County, Texas, under Cause No. 2017CI03734 styled, *Manny G. Motors, LLC v. Chase Randall Kelley and Universal Underwriters Insurance Company a/k/a Zurich* (the "State Court Lawsuit").  Plaintiff incorrectly named UUIC in the State Court Lawsuit as "Universal Underwriters Insurance Company a/k/a Zurich."  UUIC is not also known as Zurich.

2.     Plaintiff's Original Petition alleges that Defendant UUIC breached an insurance contract by failing to pay a claim Plaintiff asserts should have been paid as a covered claim. Additionally, Plaintiff alleges that UUIC's handling of the claim violated the Texas Deceptive Trade Practices Act.[1]  *See* Ex. B at BEXAR 008-015.

---

[1] Attached to Defendants' Notice of Removal as Exhibit A is a copy of the State Court Action's Docket Sheet.  Attached as Exhibit B are certified copies of the documents filed in the State Court Action.

3.      Plaintiff asserted a separate breach of contract claim against Defendant Chase Randall Kelley ("Kelley") for allegedly breaching a separate contract for the sale of a 2015 Dodge Challenger RT with VIN: 2C3DZBT2FH782937.

4.      UUIC was served with the State Court Lawsuit by service on Corporation Services Company on March 15, 2017.  See Ex. B at BEXAR 279.  Defendant Kelley was served with the State Court Lawsuit on March 10, 2017.  See Ex. B at BEXAR 265-266.

5.      On June 13, 2017, the State Court Judge signed an Order of Severance severing Plaintiff's claims against Defendant Kelley into a new and separate cause under #2017-CI-10800 *See* Ex. B at 311-312.

## BASIS FOR REMOVAL

6.      Removal is proper here because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §1441;  *Garcia v. Koch Oil of Tex. Inc*, 351 F.3d 636, 638 (5th Cir. 2003)

7.      Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this district.

8.      UUIC will promptly file a copy of this Notice of Removal with the clerk of the State Court Lawsuit.

9.      The amount in controversy, exclusive of interest and costs, is $75,000.00 or more. The Fifth Circuit has held that the amounts to be considered when ascertaining the amount in controversy when an insurer could be liable for sums under state law are the policy limits, potential attorneys' fees, penalties, statutory damages and punitive damages.  *St. Paul Reins. Co. v. Greenberg*, 134 F.1250, 1253 (5th Cir. 1998).  Only interest and costs are not included for the purposes of calculating the amount in controversy.  *Id.*  Plaintiff seeks damages of $90,583.72, plus an unspecified amount of damages for loss of income and attorney's fees.   *See* Ex. B 008-015.

10.     Plaintiff Manny G. Motors, LLC ("Manny") is a Texas Limited Liability Company

whose principal place of business is in Bexar County, Texas.  *See* Ex. B at BEXAR 009.   For purposes of diversity jurisdiction, Plaintiff Manny is a citizen of the State of <u>Texas</u>.

11.    Defendant Universal Underwriters Insurance Company is incorporated in Illinois and maintains its principal place of business in Schaumburg, Illinois.  For purposes of diversity jurisdiction, Defendant is a citizen of the State of <u>Illinois.</u>

12.    This Notice of Removal is timely filed within thirty days from the date this case became removable, which was June 13, 2017, the date the State Court Judge severed Plaintiff's claims against Defendant Kelley into a new cause #2017-CI-10800 leaving only Plaintiff's claims against UUIC in this cause.

13.    Pursuant to 28 U.S.C. §§1446(a), 1447(b), and 1449, attached hereto as Ex. A is a copy of the State Court Lawsuit docket sheet printed on June 23, 2017[2], and attached as Ex. B are the State Court Lawsuit pleadings filed and/or served as of this date.  *See* Ex. B.  The documents filed in the State Court Lawsuit included in Exhibit "B" and attached hereto as BEXAR 001-312 are:

| Description | Date Filed in State Court | BEXAR Page |
|---|---|---|
| Certificate from Bexar County District Court | N/A | BEXAR 001 |
| UUIC's Motion for Docket Control Order | June 7, 2017 | BEXAR PP 002-007 |
| Plaintiff's Original Petition | March 1, 2017 | BEXAR 008-015 |
| Letter to Court from UUIC forwarding Proposed Order and Order Setting Hearing on Motion to Sever | May 26, 2017 | BEXAR 016 |
| Order Setting Hearing on Motion to Sever | May 26, 2017 | BEXAR 017 |
| Request for Process | March 8, 2017 | BEXAR 018 |
| Letter from Court to UUIC confirming receipt of Proposed Order and Hearing Date | June 1, 2017 | BEXAR 019 |
| Order on  UUIC's Motion to Sever Claims Against Defendant Kelley | Undated | BEXAR 020 |
| Handwritten statement from Chase Kelley | March 27. 2017 | BEXAR 021 |

[2] The Bexar County District Clerk does not certify its court docket sheets.  The docket sheet is available online and was printed on June 23, 2017; the printed docket sheet attached as Ex. A is not dated.

| Description | Date Filed in State Court | BEXAR Page |
|---|---|---|
| Citation to Chase Randall Kelley | March 10, 2017 | BEXAR 022 |
| UUIC's Original Answer and Affirmative Defenses | April 6, 2017 | BEXAR 023-264 |
| Return of Service - Chase Randall Kelley | March 16, 2017 | BEXAR 265-266 |
| Motion for Docket Control Order | May 25, 2017 | BEXAR 267-269 |
| Citation to UUIC | March 9, 2017 | BEXAR 270 |
| UUIC's Motion to Sever Claims Against Defendant Kelley | May 26, 2017 | BEXAR 271-277 |
| Return of Service - UUIC | Mach 27, 2017 | BEXAR 278-279 |
| Vacation Letter - Alissa K. Christopher | May 31, 2017 | BEXAR 280 |
| UUIC's Response to Motion for Docket Control Order | June 2, 2017 | BEXAR 281-301 |
| Plaintiff's Response to Motion to Sever by UUIC | June 5, 2017 | BEXAR 302-305 |
| Motion to Set on Jury & ADR Dockets | May 22, 2017 | BEXAR 306-307 |
| Signed Order Setting Hearing on Motion to Sever | May 26, 2017 | BEXAR 308 |
| Notice of Hearing on UUIC's Motion for Docket Control Order | June 7, 2017 | BEXAR 309-310 |
| Signed Order on UUIC's Motion to Sever Claims Against Defendant Kelley | June 13, 2017 | BEXAR 311-312 |

14.     Plaintiff has made a jury demand in the State Court Lawsuit or paid a jury fee.

## CONCLUSION

As there is complete diversity between the parties and the amount in controversy exceeds $75,000, Defendant UUIC respectfully requests that this case be removed from the 73rd Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§1332, 1441 and 1446.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Alissa K. Christopher*

Alicia G. Curran
State Bar Number 12587500
Alissa K. Christopher
State Bar Number 11531020
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
Telephone:  (214) 462-3000
Facsimile:  (214) 462-3299
acurran@cozen.com
akchristopher@cozen.com

**ATTORNEYS FOR DEFENDANT
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2017, a true and correct copy of the above and foregoing was sent to all counsel of record via ECF.

Mark Bindock
Bindock Law Firm
118 West Rhapsody
San Antonio, Texas 78216
Telephone:  210-377-1200
Facsimile:  210-377-1241
mark@bindocklaw.com
*Attorneys for Plaintiff*

*/s/ Alissa K. Christopher*

Alissa K. Christopher

LEGAL\31303491\1

DEFENDANT UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S
NOTICE OF REMOVAL                                                                Page 5