**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **MANNY G MOTORS LLC** § | |
| **Plaintiff** § | |
| § | |
| VS. § | **CIVIL NO: 5:17-CV-00565-OLG** |
| § | |
| § | |
| **UNIVERSAL UNDERWRITERS** § | |
| **INSURANCE COMPANY** § | |
| **Defendant** § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes Plaintiff, **MANNY G MOTORS LLC**, hereafter also known as MGM and/or "Plaintiff", and files this Plaintiff's First Amended Original Complaint, still complaining of Defendant **UNIVERSAL UNDERWRITERS INSURANCE COMPANY**, hereafter also known as "UUIC" and/or "Universal" and/or "Defendant" and sometimes known as "Zurich", Defendant, and in support thereof would show unto this Honorable Court the following:

## 1. DISCOVERY CONTROL PLAN

Pursuant to the Texas Rules of Civil Procedure, Rule 190, and specifically 190.4, Plaintiff intends for this lawsuit to be controlled by Discovery Control Plan, Level 3, at this time.

## 2. PARTIES

Plaintiff, **MANNY G MOTORS LLC**, is a Texas Limited Liability Company duly licensed in the State of Texas, and doing business in San Antonio, Texas and having its principal office in San Antonio, Bexar County, Texas, and held such status at the time this

cause of action accrued and at the time of filing of this lawsuit.

Defendant, **UNIVERSAL UNDERWRITERS INSURANCE COMPANY**, is a foreign corporation doing business in Texas, and is a subsidiary of Zurich Insurance, and has its principal place of business at 7045 College Boulevard, Overland Park, Kansas 66211-1523 and also doing business as Zurich Agency Services, Inc., at 7045 College Boulevard, Overland Park, Kansas 66211, and this defendant may be served with process by serving its Registered Agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  No service is necessary since Defendant UUIC has answered this lawsuit.

### 3. VENUE AND JURISDICTION

Venue is proper in Bexar County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas, as per the Texas Civil Practices and Remedies Code §15.002(a)(1).

Venue is proper in Bexar County, Texas, because Plaintiff was a resident of Bexar County, Texas, at the time of the events giving rise to Plaintiff's cause of action accrued, as per the Texas Civil Practices and Remedies Code §15.002(a)(4).

Jurisdiction is proper because the events complained of occurred in Bexar County, Texas.  The court has jurisdiction over the controversy because the damages far exceed the minimum jurisdictional limits of this court and are within same.

### 4. STATEMENT OF FACTS

On or about October 1, 2015 Plaintiff purchased an automobile, a 2015 Dodge Challenger RT with VIN: 2C3CDZBT2FH782937, from state court Defendant Chase Randall Kelley, for the price of $28,000, for which Plaintiff paid by check.  The car was placed for

re-sale on Plaintiff's car lot, Manny G Motors, at 3518 Nogalitos, San Antonio, Texas 78211. A customer wanted to buy the car on the agreed price of $41,000, and applied for a loan, however the loan company rejected the loan and informed the customer that the Dodge vehicle was a stolen car. On January 20, 2016, an officer with the San Antonio Police stopped Manny Gavarrete for a traffic violation, and after the ticket was concluded Mr. Gavarrete asked the officer to check the VIN and the car came back as stolen; at that time the car was confiscated and impounded by San Antonio Police Department, under SAPD incident report no. 16014869. As a result of the confiscation by police Plaintiff lost the car and no longer has it to place on MGM's lot for sale. Later investigation by law enforcement and the State of Texas revealed the title to subject vehicle to have been forged prior to the time Plaintiff purchased the car from Defendant Kelley.

Prior to the confiscation of subject vehicle, Manny Gavarrete on behalf of Plaintiff MGM had purchased a liability insurance policy from Defendant's agent, Greg Bowman with Arrowhead Automotive Aftermarket Insurance, who came to MGM's car lot and told Mr. Gavarrete that because his business had expanded and grown he should upgrade his insurance coverages, then made representations that he had an umbrella policy to cover all losses, that the insurance policy would cover hail damages and the theft of any of his vehicles, the confiscation by police, the loss of the vehicle if a customer is involved in a crash, and other losses related to the used car business. Based on these representations, Mr. Gavarrete purchased insurance from Mr. Bowman, who placed Plaintiff's coverage with YouZoom Insurance Services, Inc., at 6900 College Blvd, Ste 1000, Overland Park, Kansas 66211, who then placed the coverage with Universal and/or Zurich who issued the actual insurance policy, Policy 346979. This policy of insurance was not an umbrella

policy, and it insured all of the cars MGM had for sale on its car lot, as well as the subject Dodge Challenger RT car, from any such loss, under Policy No. 346979 with a policy period from January 1, 2016 to January 1, 2017. Plaintiff paid the sum of $8,917.27 for the premium for this policy. Defendant UUIC and/or Zurich, through its employees, made representations to Plaintiff, or its employees, that Plaintiff relied on and persuaded Plaintiff to purchase this insurance policy. After the police seized Plaintiff's Dodge car, Mr. Gavarrete called and spoke to Mr. Bowman who assured him and again represented to him that UUIC should pay the claim because such claim was covered by the policy he sold to MGM.

These representations were made in order to induce Plaintiff to do business with Defendant Universal and/or Zurich. Based in part on these representations, and others made by Defendant, Plaintiff agreed to purchase the above Zurich insurance policy for use in its business in San Antonio, Bexar County, Texas.

After confiscation Plaintiff immediately reported and made a claim to Defendant Universal and/or Zurich, for the loss of the stolen Dodge car by confiscation by San Antonio Police officers on January 20, 2016, and on February 16, 2016, Mr. Gavarrete gave Defendant a sworn Total Theft Affidavit for proof of loss, and other documents to support MGM's claim.

Defendant Universal and/or Zurich did not pay the claim promptly or complete its investigation of the claim promptly, as required by law, and when Mr. Gavarrete would call Defendant, they always gave him the same reply that they were still investigating the claim. Finally, after several months of this routine was getting nowhere, he consulted a lawyer, and UUIC continued to stonewall and refuse to pay the claim. A period of one

year passed and UUIC still failed to pay the claim, and finally UUIC in fact actually denied the claim to Plaintiff's representatives on February 15, 2017 in a letter, almost a year from the date Defendant had been provided a sworn statement from Plaintiff. The letter was written on Zurich letterhead and denied the claims of Plaintiff, was dated February 27, 2017, was signed by Jeremy Shubert, who represented himself to be an Extended Theft Specialist with Universal Underwriters Insurance Company, and sent by Defendant, Universal Underwriters Insurance Company a/k/a Zurich. A true and accurate copy of this letter is attached to the state court petition as Exhibit D. At the time of that denial letter, Defendant UUIC had in its possession: (1) a Bill of Sale dated 10-01-15 from Chase Randall Kelley for a 2015 Dodge Challenger for $28,000, VIN: 2C3CDZBT2FH782937, (2) a copy of Texas Drivers License #xxxxx5417 for Chase Randall Kelley with DOB: xx-xx-1985, (3) a copy of a canceled check drawn on Randolph Brooks Federal Credit Union paid to Chase Randall Kelley dated 10-01-15 in the amount of $28,000 signed by Manny Gavarrete to pay for the 2015 Dodge Challenger car, (4) a copy of the Carfax report dated 10-03-2015 for the 2015 Dodge Challenger car showing a good title, (5) a copy of the Carfax report dated 01-21-2016 for the 2015 Dodge Challenger car showing it as a stolen car, (6) a Zurich Total Theft Affidavit sent to Universal Underwriters and signed by Manny Gavarrete on February 29, 2016, (7) a copy of the San Antonio Police Department incident/offense report #16014869 and (8) copies of the title issued by the State of Texas for the Dodge car to Jerry Reed in Houston, Texas. In Jeremy Shubert's denial letter of the claim he states, "As this transaction does meet the definition of Extended Theft per your policy the date of loss, October 1, 2015, falls outside of our policy effective dates of January 1, 2016 to January 1, 2017." Plaintiff interprets this

language as an admission by Defendant that the Dodge Challenger is covered. Plaintiff alleges Mr. Shubert is mistaken in how Texas courts have interpreted the date of loss, which is the date the police confiscated said vehicle.

## 5. RESPONDEAT SUPERIOR

At all pertinent times herein as to each of Plaintiff's claims, Defendant Universal and/or Zurich's agents and employees complained of herein, were acting within the course of their authority, apparent or actual, as agents, servants, and employees of Defendant. Therefore, their conduct and actions are imputed to Defendant Universal and/or Zurich.

## 6. FIRST CAUSE OF ACTION: DECEPTIVE TRADE PRACTICES

This suit is brought pursuant to Texas Business and Commerce Code § 17.41 et. seq., the Texas Deceptive Trade Practices and Consumer Protection Act, hereinafter referred to as "DTPA". Plaintiff incorporates and realleges the facts as set forth in Section "4. STATEMENT OF FACTS", along with additional allegations herein.

Written notice of Plaintiff's claims and damages was sent to Defendant Universal and/or Zurich more than sixty (60) days before filing this suit. The notice of claim included an itemization of Plaintiff's actual damages, expenses, and attorney's fees incurred to that date. Plaintiffs have complied with all conditions required by § 17.50, DTPA.

Defendant Universal and/or Zurich is guilty of false, misleading and deceptive practices prohibited by the Texas Deceptive Trades-Consumer Protection Act. These practices were a producing cause of Plaintiff's actual damages. The specific complaints against Defendant are as follows:

a.  the goods or services represented by Defendant and/or its employees and/or agents had characteristics and benefits which they did not have;

b.  the acts and/or practices as described herein took advantage of plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree to plaintiff's detriment, and resulted in a gross disparity between the value received and the consideration paid;

c.  that representations and services made by Defendant and/or its employees and/or agents were of a particular standard, quality or grade when they were of another;

d.  that Defendant and/or its employees and/or agents failed to disclose information which was known at the time of the transaction, and such failure to disclose was intended to induce Plaintiff into a transaction Plaintiff would not have otherwise entered into.

e.  that Defendant and/or its employees and/or agents knowingly made false or misleading statements of fact concerning the insurance policy, as well as the statements made be Defendant to induce Plaintiff to purchase from it.

Defendant Universal and/or Zurich has acted, or failed to act, intentionally, knowingly and/or negligently, which acts and/or omissions have been the proximate and producing cause of Plaintiff's damages.

Defendant's Universal and/or Zurich conduct was committed knowingly. Accordingly, Defendant is liable for additional damages as authorized by the DTPA.

Defendant's conduct was committed intentionally. Accordingly, Defendant is liable for additional damages as authorized by the DTPA.

Defendant's conduct and actions were unconscionable. Accordingly, Defendant is liable for additional damages as authorized by the DTPA.

Defendant acted with conscious indifference to the rights of Plaintiff and is, therefore, liable for exemplary damages.

Defendant acted with malice toward the rights of Plaintiff and is, therefore, liable for exemplary damages.

Defendant breached express and implied warranties of the insurance policy.

Defendant's conduct described herein was a producing and proximate cause of actual damages to Plaintiff.

## 7. DAMAGES

Plaintiff's actual damages include:

a. Recovery of the amount of money Plaintiff sustained for the loss of the automobile that was confiscated by police, or $28,000, plus registration fees paid to the State of Texas of approximately $250.00, plus prejudgment interest until the date of trial;

b. Return of the money Plaintiff used to purchase the insurance policy from Defendant, or the sum of $8,917.27 for a premium for this policy;

c. Loss of income or loss of profits sustained by Plaintiff due to the loss of the automobile, of approximately $12,000 dollars;

d. Attorney's Fees and costs.

e. Exemplary damages.

f. Incidental and consequential damages related to the problems related to the loss of the automobile.

g. Special damages under the Texas Insurance Code for allowing the investigation to go on for over a year and in failing to promptly investigate and pay the claim.

The amount of Plaintiff's damages exceeds the minimum jurisdictional limits and is within the jurisdictional limits of this Court. The Plaintiff says that the jury ought to be free to award damages for the above described elements for the amount that they feel is proven by the evidence in this case. However, in order to advise the Defendant Universal and/or Zurich of the maximum amount of damages sought for these elements, the Plaintiff states that said amount is **$125,000.00** dollars, plus attorney's fees.

## 8. **SPECIAL DAMAGES**

Plaintiff is entitled to recover from Defendant Universal and/or Zurich, three (3) times the amount of it actual and economic damages, pursuant to the Texas Deceptive Trade Practices Act § 17.50(b)(1), in the Business & Commerce Code.

## 9. **SECOND CAUSE OF ACTION: BREACH OF CONTRACT**

Pleading in the alternative and without abandoning the foregoing causes of action, Plaintiff incorporates and realleges the facts as set forth in Section "4. STATEMENT OF FACTS", along with additional allegations herein.

Plaintiff states Defendant Universal and/or Zurich breached the contract of insurance made the basis of this suit.

Plaintiff's damages exceeds the minimum jurisdictional limits of this Court.

Plaintiff states Defendant UUIC breached the contract of insurance between Plaintiff and Defendant by not paying benefits to Plaintiff for the loss of said vehicle.

The amount of Plaintiff's damages exceeds the minimum jurisdictional limits of this Court and Plaintiff seeks return of its purchase price of $28,000 plus tax, title and license fees of $222.00, and attorney fees, and a return of the premium paid for the insurance policy from UUIC of approximately $8,917.27 dollars.

## 10. **THIRD CAUSE OF ACTION: FRAUD**

Plaintiff incorporates and realleges the facts as set forth in Section "4. STATEMENT OF FACTS", along with additional allegations herein.

Plaintiff states that Defendant Universal and/or Zurich has committed Fraud, Fraudulent Inducement, and has engaged in Fraudulent Concealment, and is therefore liable for punitive damages. Defendant acted with malice and is therefore liable for

punitive damages.

Plaintiff states that Defendant has committed Fraud, Fraudulent Inducement, and Fraudulent Concealment, because:

a. Defendant made representations to Plaintiff;

b. The representations made by Defendant were material;

c. The representation made by Defendant were false;

d. When Defendant made the representations, Defendant knew they were false;

e. Defendant made the representations with the intent that the Plaintiff rely or act on them;

f. Plaintiff relied on and/or did act on the representations made by Defendant; and

g. Plaintiff suffered damages therefrom.

Such misrepresentations and/or conduct by Defendant include, but are not limited to the following:

    1. Representing to Plaintiff that it had coverage under the policy for the loss of a vehicle by confiscation.

    2. Representing to Plaintiff that Defendant would pay for the loss of a vehicle by confiscation.

    3. Representing to Plaintiff that Defendant would provide an umbrella policy.

    4. Failing to disclose to Plaintiff that Defendant would deny claim(s) after same were presented to Defendant.

    5. Representing to Plaintiff that Plaintiff would have full protection of an insurance policy for vehicles on its car lot.

    6. Representing to Plaintiff that it would promptly investigate any claims that Plaintiff may have.

    7. Representing to Plaintiff that it would promptly pay any claims that Plaintiff may have.

The amount of Plaintiff's damages exceeds the minimum jurisdictional limits and is within the jurisdictional limits of this Court. Plaintiff says that the jury ought to be free to award damages for the above described elements for the amount that they feel is proven by the evidence in this case. However, in order to advise the Defendant of the maximum amount of damages sought for these elements, the Plaintiff states that said amount is **$250,000.00** dollars.

Defendant has committed Fraud, Fraudulent Inducement and has engaged in Fraudulent Concealment, is therefore liable for punitive damages. Plaintiff sues for punitive damages in the amount of **$250,000.00** dollars.

### 11. FOURTH CAUSE OF ACTION: VIOLATIONS OF TEXAS INSURANCE CODE

Plaintiff incorporates and realleges the facts as set forth in Section "4. STATEMENT OF FACTS", along with additional allegations herein.

Plaintiff states that Defendant Universal and/or Zurich has committed violations of the Texas Insurance Code, as follows:

- Defendant violated the duty of good faith and fair dealing;

- Defendant violated the insurance code by not investigating and/or paying the claim promptly; see Texas Insurance Code § 1952.156;

- Defendant violated the insurance code by dragging out the claim by an excessive amount of time, to wit, over 12 months after Defendant was in possession of all relevant information such as police report showing confiscation, sworn proof of loss statements, copies of cancelled checks for purchase of vehicle and copies documents from State of Texas such as Title to Vehicle and tax certificates, and a copy of the incident / offense report from the San Antonio Police Dept.;

- Defendant violated the Texas Insurance Code § 541.061 by misrepresenting the policy to Plaintiff;

- Plaintiff asserts its rights to bring a contract action for the benefits under the policy, for attorney's fees, the statutory 12% penalty, plus interest; see Texas

Insurance Code § 1952.157;

- Defendant violated the Texas Insurance Code § 525.002 by not providing a complete policy to Plaintiff within 30 days after purchase; Defendant filed a 240 page policy with is Original Answer in State Court but originally only provided Plaintiff with a policy less than about 50 pages in length;

- Defendant violated Article 541.152 of the Texas Insurance Code, for which Plaintiff seeks treble damages.

## 12. ATTORNEY'S FEES

Plaintiff seeks all reasonable and necessary attorney's fees in this case which include pre-trial preparation and trial of this lawsuit; post-trial, pre-appeal legal services, and an appeal to the court of appeals; making or responding to an application for writ of error to the Supreme Court of Texas; an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and post-judgment discovery and collection in the event execution on the judgment is necessary.

Plaintiff seeks all reasonable and necessary attorney's fees in this case which include an appeal to the Fifth Circuit Court of Appeals and/or to an appeal to the Supreme Court of the United States.

Plaintiff seeks attorney's fees for breach of contract under § 38.001, et. seq., of the Texas Civil Practices and Remedies Code; and for DTPA violations under Texas Business and Commerce Code, § 17.41 et. seq., known as the Texas Deceptive Trade Practices and Consumer Protection Act, for prosecuting Plaintiff's fraud claims and for attorney's fees for violation of and pursuant to the Texas Insurance Code.

## 13. JURY DEMAND

Plaintiff demands that this case be decided by a jury as allowed by the Texas Rules of Civil Procedure, Rule 216. The appropriate jury fee has been paid.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and that upon final hearing, Plaintiff recover judgment against Defendant, for all actual damages and attorney's fees, all statutory damages and penalties, exemplary damages, costs of court, prejudgment interest, postjudgment interest at the highest lawful rates, and for such other relief, in law or equity, to which Plaintiff may be entitled.

Respectfully submitted,

_____
Mark Bindock
Texas Bar No: 02319800
**BINDOCK LAW FIRM**
118 West Rhapsody
San Antonio, Texas 78216
210-377-1200  Telephone
210-377-1241  Telecopier
800-777-2323  Toll Free
Email:  mark@bindocklaw.com
Attorney for Plaintiff
MANNY G MOTORS LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on **OCTOBER 16, 2017**, to:

Ms. Alicia G. Curran      by:    Cert. Mail, RRR,    Fax,    (E-File,)    US Mail
State Bar No. 12587500
acurran@coaen.com
Ms. Alissa Christopher
State Bar No. 11531020
akchristopher@cozen.com
**COZEN O'CONNOR**
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
214-462-3000   Phone
214-462-3299   Fax
Attorneys for Defendant,
**UNIVERSAL UNDERWRITERS INSURANCE COMPANY**

_____
MARK BINDOCK